THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California  94612
Telephone:  (510) 788-5100
Facsimile:  (510) 291-3226
E-mail:       sgt@tidricklaw.com
E-mail:       jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff Maria Bell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CS GLOBAL SF LLC; and DOES 1-20,<br><br>Defendant. | Civil Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS AND/OR CIVIL RECOVERY OF:**<br>　(1) **FAIR LABOR STANDARDS ACT;**<br>　(2) **CALIFORNIA LABOR CODE; and**<br>　(3) **CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. & PROF. CODE §§ 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Maria Bell, on behalf of herself and all others similarly situated, and all others who consent to become Party Plaintiffs, alleges as follows:

**NATURE OF THE CASE**

1.    Plaintiff was formerly employed as a bus operator (hereinafter "Operator" or "Operators") by Defendant CS Global SF LLC (hereinafter "Defendant") and seeks to

represent other individuals currently and formerly employed by Defendant as Operators in California in this collective and class action against Defendant alleging that Defendant has engaged in an unlawful pattern and practice of failing to pay its operators for all compensable work performed by such employees in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, California Labor Code, and California Business and Professions Code §§ 17200 *et seq.* (hereinafter "UCL). Plaintiff requests declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, penalties, interest, and attorneys' fees and costs under the FLSA, California Labor Code §§ 226(e) and 218.5, California Code of Civil Procedure § 1021.5, and/or other applicable law.

## JURISDICTION AND VENUE

2.  The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

3.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant has its principal place of business in this District, and some or all of the actions alleged herein occurred within this District.

## PARTIES

4.  Plaintiff Maria Bell was formerly employed by Defendant as a bus operator ("Operator"). She sues on her own behalf, and as class representative on behalf of similarly situated individuals who are or were employed by Defendant as Operators within the applicable statute of limitations. A true and correct copy of an executed Consent to Become Party Plaintiff is attached hereto. Plaintiff will file additional Consents to Become Party Plaintiff executed by similarly situated individuals as they are secured.

5.  Defendant CS Global SF LLC is a private transportation company that provides sightseeing tours in California. Defendant is located at 1331 Columbus Avenue, San

Francisco, CA 94133.

6. At all times relevant to this action when she worked as an Operator for Defendant, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times relevant to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

8. At all times relevant to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

9. At all times relevant to this action, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

10. Based upon information and belief, at all times relevant to this action, Defendant's annual gross volume of sales made or business done has been not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C. § 203.

11. At all times relevant to this action, Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. § 203 and subject to individual coverage of the FLSA.

12. At all times relevant to this action, Plaintiff was engaged in the "production of goods for commerce" within the meaning of 29 U.S.C. § 203 and subject to the individual coverage of the FLSA.

13. At all times relevant to this action, the worked performed by Plaintiff, and by similarly situated Operators, was directly essential to the business performed by Defendant.

14. The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a DOE Defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

15. Plaintiff is informed and believes and thereon alleges that each of the Defendants was acting as the agent, employee, partner, or servant of each of the remaining Defendants and was acting within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

16. Defendant CS Global SF LLC has done business, and currently does business, under the name "City Sightseeing San Francisco." City Sightseeing San Francisco is a private transportation company that provides sightseeing tours in San Francisco.

17. In connection with providing sightseeing tours, Defendant sells tour packages to out-of-state individuals and/or groups that desire to engage in sightseeing in a particular location where Defendant is providing such services. In order to sell these tour packages to out-of-state individuals and/or groups, Defendant's employees use the internet and telephonic and other communication services going over state lines. The services offered by Defendant are tied to interstate commerce. Defendant also purchased goods and products used by Defendant's employees to maintain and repair the fleet of buses. Those goods and products purchased have traveled across interstate and/or international lines, and are handled by individuals employed by Defendant.

18. Defendant hired Plaintiff to work as an Operator. Plaintiff was paid on an hourly basis. As part of her job duties for Defendant, Plaintiff was required to drive passengers who purchased tickets for the tour. Every work day, as part of her job duties for Defendant, Plaintiff also sold tickets to passengers using an electronic cash register ("ECR").

19. During Plaintiff's employment with Defendant's, Plaintiff routinely worked more than 8 hours per day and/or 40 hours per week. In addition, Plaintiff received various forms of non-discretionary incentive pay, including but not limited to sales commissions for selling tickets and incentive bonuses (hereinafter "Incentive Pay"). The various forms of Incentive Pay are not excludable under the FLSA when calculating an employee's regular rate.

20. Despite Defendant's payment of Incentive Pay to Plaintiff, Defendant failed to

4
COLLECTIVE AND CLASS ACTION COMPLAINT

include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of her required overtime wages.

21. As a result of the forgoing violations, Defendant failed to pay Plaintiff all earned wages at the time of her termination of employment, and the wage statements that Defendant has provided to its Operators, including Plaintiff and the proposed California Class members, do not accurately reflect the actual overtime wages earned.

22. Defendant does not keep accurate records of the actual amount of above-referenced money earned by Operators. Defendant has breached its obligation to keep accurate records to show exactly how much Plaintiff has earned. Therefore, Plaintiff is unable to state with precision the amount of such compensation time for which operators earned, but can reasonably estimate this amount based on a review of documents that are in Defendant's possession. Plaintiff will establish good faith estimates of the amount of her uncompensated compensable damages after completing discovery and analyzing Defendant's evidence.

23. <u>Defendant's willful refusal to pay</u>. Defendant's policies and practices alleged herein were willful and showed reckless disregard for the requirements of the FLSA. Defendant has failed to compensate Plaintiff and other Operators at the appropriate overtime rate for the hours worked in excess of forty hours per week when Defendant knew, or should have known, such was due. Many Operators, including Plaintiff, inquired and complained to Defendant's management regarding such failure to comply with the FLSA and Defendant refused and failed to correct its practices to comply with the FLSA. Moreover, Defendant's continuous failure, from December 22, 2014 to the present, to keep accurate records of such time worked further shows Defendant's reckless disregard for the requirements of the FLSA. From December 22, 2014 to the present, Defendant has continuously failed to correct the violations described herein. Plaintiff and the members of the proposed class have been deprived of their legally mandated compensation, as alleged herein, due to Defendant's willful refusal to pay Operators for all such compensable time.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

24. Plaintiff brings the First Cause of Action (for violations of the FLSA) as an

"opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of herself and a proposed collection of similarly situated individuals defined as follows, and hereinafter referred to as the "FLSA Collection":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position at any time on or after December 22, 2014.

25. Plaintiff, on behalf of other similarly situated Operators defined above, seeks relief on a collective basis challenging Defendant's policy and practice of failing to pay for all hours worked plus applicable overtime and failing to accurately record all hours worked. Named Plaintiff and the FLSA Collection are similarly situated, have performed substantially similar duties for Defendant, and are uniformly subject to and are currently being subjected to Defendant's uniform, class-wide payroll practices, including the policy of and practice of not compensating operators for compensable time as described herein. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

26. The names and addresses of the individuals who comprise the FLSA Collection are available from Defendant. Accordingly, Plaintiff herein prays for an Order requiring Defendant to provide the names and all available locating information for all members of the FLSA Collection, so notice can be provided regarding the pendency of this action, and of such individuals' right to opt-in to this action as party-plaintiffs.

27. Plaintiff brings the Second through Fourth Causes of Action as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the "California Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after December 22, 2014.

Excluded from the class are anyone employed by counsel for Plaintiff in this action, and any Judge to whom this action is assigned and his or her immediate family members.

28. Plaintiff brings the Fifth Cause of Action (the claims under § 17200 *et seq*.) as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the "Section 17200 Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after December 22, 2013.

Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any Judge to whom this action is assigned and his or her immediate family members.

29. <u>Numerosity</u>. Defendant has employed hundreds of individuals as operators during the relevant time periods.

30. <u>Existence and Predominance of Common Questions</u>. Common questions of law and/or fact exist as to the members of the proposed classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the proposed classes. The common questions include the following:

  a. Whether Defendant's payroll policies and practices have violated the California Labor Code and the FLSA;

  b. Whether Defendant's practices have violated the UCL;

  c. Whether the class members are entitled to waiting time and/or wage statement penalties, and other relief;

  d. Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiff and the class members; and

  e. Whether Plaintiff and the proposed classes are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

31. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the proposed classes. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and the proposed classes to sustain the same or similar injuries and damages.

Plaintiff's claims are therefore representative of and co-extensive with the claims of the proposed classes.

32. <u>Adequacy</u>. Plaintiff is an adequate representative of the proposed classes because her interests do not conflict with the interests of the members of the classes he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the proposed classes.

33. <u>Superiority</u>. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the proposed classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

34. In the alternative, the proposed classes may be certified because:
    a.  the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication with respect to individual members of the proposed classes that would establish incompatible standards of conduct for Defendant; and Defendant has acted and/or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to members of the proposed classes as a whole.

### FIRST CAUSE OF ACTION
### Violations of the Fair Labor Standards Act
### (By the FLSA Collection)

35. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

36. At all material times, Plaintiff and all similarly situated individuals who submit Consents to Become Party Plaintiff are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

37. The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

38. At all material times, the unpaid time described herein is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements.

39. At all material times, Defendant has violated the FLSA by failing to include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of her required overtime wages.

40. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by their operators. 29 U.S.C. § 211(c).

41. Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

42. Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

43. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

44. As a result of violations of the FLSA Defendant has unlawfully withheld compensation from Plaintiff and all similarly situated individuals. Defendant is liable for

unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226(e)**

**(By the California Class)**

45. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

46. Defendant has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiff and members of the proposed California Class in accordance with California Labor Code § 226(e). The wage statements that Defendant has provided to its operators, including Plaintiff and the proposed California Class members, do not accurately reflect the actual overtime wages earned or proper overtime rate.

47. Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff and members of the proposed California Class in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional. Accordingly, Defendant is liable for damages, penalties, and attorney's fees and costs under Labor Code § 226(e).

## THIRD CAUSE OF ACTION

**Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203**

**(By the California Class)**

48. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

49. California Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202(a) requires an employer to pay compensation due and owing within seventy-two (72) hours of an employee's termination of employment by resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation

promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

50. Certain members of the proposed California Class, including Plaintiff, are no longer employed by Defendant, and have not been paid full compensation for all hours worked, as alleged above. They are entitled to unpaid compensation for all hours worked in the form of unpaid overtime for which to date they have not received compensation.

51. Defendant has failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages to the Plaintiff and members of the proposed California Class whose employment with Defendant have terminated, as required by California Labor Code §§ 201 and 202. As a direct and proximate result, Defendant is liable to Plaintiff and proposed California class members for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203, together with interest thereon.

52. WHEREFORE, pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiff and Class members are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, interest thereon, reasonable attorneys' fees, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure To Pay All Wages Owed Every Pay Period Under California Labor Code § 204**

**(By the California Class)**

53. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

54. At all times relevant during the liability period, Plaintiff and the other members of each Class were employees of Defendant covered by Labor Code § 204.

55. Pursuant to Labor Code § 204, Plaintiff and members of each Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

56. Defendant failed to pay Plaintiff and other similarly situated employees all wages earned each pay period. Plaintiff is informed, believes, and thereon alleges, that at all

times relevant during the liability period, Defendant maintained a policy or practice of not paying Plaintiff and other similarly situated employees overtime wages for all overtime hours worked.

57. As a result of Defendant's unlawful conduct, Plaintiff and members of each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can be determined directly from Defendant's records or indirectly based on information from Defendant's records.

58. WHEREFORE, pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and members of the Class are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

## FIFTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.***

**(By the Section 17200 Class)**

59. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

60. Plaintiff brings this claim on behalf of herself and all others similarly situated in her representative capacity as a private attorney general against Defendant and Does 1 through 20, for their unlawful business acts and/or practices pursuant to the UCL which prohibits all unlawful business acts/or practices.

61. Plaintiff asserts these claims as she is representative of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who have been exposed to Defendant's unlawful acts and/or practices and are owed wages that the Defendant should be required to pay or reimburse under the restitutionary remedy provided by the UCL.

62. Defendant's failure to include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of her required overtime wages, failure to pay all wages when they were due and upon termination, failure to provide accurate and itemized wage statements, as alleged above, constitute unlawful and/or

unfair business acts and/or practices within the meaning of the UCL.

63. As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and Class members. Defendant should be enjoined from this activity and should provide restitution by restoring to Plaintiff and the other Class members the wrongfully withheld wages.

64. The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in California.

65. Defendant's misconduct as alleged herein gave Defendant an unfair competitive advantage over its competitors.

66. As a direct and proximate result of the aforementioned acts, Defendant, Does 1-20, and each of them, received and continue to hold monies in which Plaintiff and the other Class members have a possessory interest.

67. Defendant's conduct constitutes unlawful and unfair acts and/or practices conducted in the course of Defendant's respective businesses, and thereby constitutes violations of the UCL. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

68. Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a) For an order certifying that the First Cause of Action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff thereto.

b) For an order certifying that the Second through Fourth Causes of Action of this

Complaint may be maintained as a class action on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order certifying that the Fifth Cause of Action of this Complaint may be maintained as a class action on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the Section 17200 Class;

d) For an order designating Plaintiff as class representative for both the FLSA and California state law claims and Plaintiff's attorneys as counsel for both the FLSA Collection and the proposed classes;

e) For an order awarding Plaintiff, the FLSA Collection, and the California Class compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other sums of money owed, together with interest on these amounts;

f) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

g) For a declaratory judgment that Defendant has violated the FLSA and California Labor Law and public policy as alleged herein;

h) For an order imposing all statutory and/or civil penalties provided by law, together with interest on these amounts;

i) For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

j) For all unpaid overtime wages due to Plaintiff and each Class member;

k) For an order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

l) Disgorgement of profits;

m) For an order awarding restitution of the unpaid regular, overtime, and premium wages due to Plaintiff and Class members;

n) For pre- and post-judgment interest;

o) For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code §§ 226(e) and 218.5; California Code of Civil Procedure § 1021.5; and/or other applicable law;

p) For all costs of suit; and

q) For such other and further relief as the Court deems just and proper.

DATED: December 22, 2017                    Respectfully submitted,

                                  THE TIDRICK LAW FIRM

                                  By:  /s/ Steven G. Tidrick
                                       STEVEN G. TIDRICK, SBN 224760

                                  STEVEN G. TIDRICK, SBN 224760
                                  JOEL B. YOUNG, SBN 236662

                                  Attorneys for Individual and Representative Plaintiff Maria Bell

COLLECTIVE AND CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff in the above-referenced action, on her own behalf and on behalf of all persons he seeks to represent, hereby demands a trial by jury on all counts.

DATED:  December 22, 2017              Respectfully submitted,

                                       THE TIDRICK LAW FIRM

                                       By: /s/ Steven G. Tidrick
                                       _____

                                       STEVEN G. TIDRICK, SBN 224760
                                       JOEL B. YOUNG, SBN 236662

                                       Attorneys for Individual and Representative
                                       Plaintiff Maria Bell

## CONSENT TO BECOME PARTY PLAINTIFF

I currently or formerly work or have worked for CS Global SF LLC/City Sightseeing San Francisco (hereinafter "Defendant") as a Bus Operator. I hereby consent to be a party plaintiff in a Fair Labor Standards Act action against Defendant regarding Defendant's failure to fully compensate me for all compensable work time. I hereby authorize The Tidrick Law Firm to represent me before any court or agency on such claims, and I hereby further authorize such counsel to make such further decisions with respect to the conduct and handling of this action, including the settlement thereof, as they deem appropriate or necessary.

Date: December 19, 2017   By: _____

Signature

Print name: Maria Bell

**REDACTED**