UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARIA BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CS GLOBAL SF LLC,<br><br>Defendant. | Case No. 17-cv-07294-LB<br><br>**ORDER REGARDING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 23 |

In this putative class action, the defendant — which provides sightseeing tours in San Francisco under the business name "City Sightseeing San Francisco" — has defaulted.[1] The plaintiff then moved for default judgment, seeking class relief.[2] At the hearing on May 2, 2019, the court discussed the following issues with the plaintiff's counsel.

First, ordinarily, in the case of a consenting plaintiff and a defaulting defendant, the court cannot issue an order on a dispositive motion for default judgment because the non-appearing defendant has not consented to appear before a magistrate judge. *Williams v. King*, 875 F.3d 500,

---

[1] Entry of Default – ECF No. 20; Second Am. Comp. – ECF No. 16 at 4 (¶ 17). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated numbers at the top of documents.

[2] Mot. for Default Judgment – ECF No. 23.

ORDER – No. 17-cv-07294-LB

503 (9th Cir. 2017). Instead, the court considers the motion, issues a report and recommendation, and reassigns the case to a district judge.

Second, "[e]ven if the court grants a default judgment motion in a case nominally captioned as a class action, classwide damages cannot be awarded if no class has been certified." Cal. Prac. Guide: Fed. Civ. P. before Trial § 6:134e (The Rutter Guide 2019) (citing *Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003)). Rule 23(c) requires a judicial determination that the prerequisites of Rule 23(a) are met, regardless of the defendant's "admissions" by its failure to respond to the complaint. *Davis,* 321 F.3d at 649; *see also Zepeda v. U.S. I.N.S.,* 753 F.2d 719, 728 n.1 (9th Cir. 1983) ("Without a properly certified class, a court cannot grant relief on a class-wide basis.").

Third, after entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Default judgment cannot differ in kind from or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c). A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). That decision lies within the court's discretion. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Default judgments are generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).[3] At least in the class context, and on reassignment by way of a report or recommendation, the *Eitel* analysis at minimum needs to be robust (on the merits) and (apparently) paired with a class-certification motion. *Id.* at 1471–72; *Davis*, 321 F.3d at 648–49.

---

[3] In deciding whether to enter a default judgment, courts in the Ninth Circuit consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim[s], (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Mohanna v. Bank of America, N.A.*, No. 16-cv-01033-HSG, 2017 WL 976015, at *3 (N.D. Cal. Mar. 14, 2017) (internal quotation marks omitted) (citing cases).

As the court said at the hearing, at minimum it needs more briefing on the legal issues that attend awarding class relief against a defaulting defendant. The best outcome would be to secure the appearance of the defaulting defendant, even if that takes more robust outreach to the defendant, which is a business actually operating in San Francisco with authorized agents for service in San Francisco and Pleasant Hill, California.[4]

At the hearing, the court set a status date for June 20, 2019 to allow the plaintiff's counsel to consider next steps. For administrative reasons, the court terminates the pending motion for default judgment. The plaintiff can choose to rely on it by filing a one-page notice setting it for a hearing (together with any other motion) on the ordinary schedule. Depending on the filing date of any motion, the court may move the June 20 status hearing to accommodate the motions hearing date.

The court directs the plaintiff to serve a copy of this order and any renewed motion on the defendant.

**IT IS SO ORDERED.**

Dated: May 6, 2019

LAUREL BEELER
United States Magistrate Judge

---

[4] Proofs of Service – ECF Nos. 17 at 2 and 18 at 2. The company may have a Delaware address too. *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last checked May 6, 2019). Also, there may be an accountant to contact. *See* 3/15/2019 Statement of No Change (submitted by accountant Cholai Klawitter), https://businesssearch.sos.ca.gov/CBS/Detail (last checked May 6, 2019).