THE TIDRICK LAW FIRM LLP
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff Maria Bell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CS GLOBAL SF LLC; and DOES 1-20,<br><br>Defendant. | Civil Case No.: 3:17-cv-07294<br><br>**PLAINTIFF'S RENEWED APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>Date: February 20, 2020<br>Time: 9:30 a.m.<br>Place: Courtroom B, 15th Floor<br>Judge: Hon. Laurel Beeler |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 20, 2020, at 9:30 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Courtroom B, 15th Floor, Plaintiff Maria Bell ("Plaintiff") will present her renewed application for a default judgment against defendant CS Global SF LLC ("Defendant"). The clerk has previously entered the default of Defendant on November 20, 2018.

In support of this application, Plaintiff states as follows, and respectfully requests that the Court enter: (1) the proposed order directing the clerk to reassign this action, and (2) the proposed report and recommendation, filed herewith as a single document.

Plaintiff was employed as a bus operator by Defendant from February 2016 to May 2017. *See* Declaration of Maria Bell ("Bell Decl.") (ECF No. 23-1), ¶ 2. Defendant is a private transportation company that provides sightseeing tours in San Francisco; Defendant has done business, and currently does business, under the name "City Sightseeing San Francisco." *See* Second Amended Complaint (ECF No. 16), ¶ 17; Bell Decl. ¶ 3.

Plaintiff alleges that Defendant has engaged in an unlawful pattern and practice of failing to pay its operators for all compensable work performed by such employees in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the California Labor Code, and California Business and Professions Code §§ 17200 et seq. ("UCL"). *See* Second Amended Complaint (ECF No. 16), ¶ 1.

Plaintiff prosecutes this case under the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq*. ("PAGA"), on behalf of herself and others currently and formerly employed by Defendant as Operators in California, to recover civil penalties for Defendant's violations of law, pursuant to the procedures in Labor Code § 2699.3. "The purpose of the PAGA is . . . to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code." *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 501 (2011). "Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the 'aggrieved

employees.'" *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014) (quoting Cal. Lab. Code § 2699, subd. (i)).

Pursuant to PAGA, the "aggrieved employees" are all those who have worked for Defendant as a bus operator in California on or after December 22, 2016. *See* Second Amended Complaint (ECF No. 16), ¶¶ 72, 80. Although Plaintiff Maria Bell fits within that definition, in the paragraphs herein specifying penalties payable to the "aggrieved employees," Plaintiff Maria Bell is not counted as an aggrieved employee, because penalties payable to her are identified separately.

The operative complaint, which is the Second Amended Complaint (ECF No. 16), was filed on August 6, 2018.

Defendant was twice served with the Second Amended Complaint. *See* ECF No. 17 ("PROOF OF SERVICE OF SUMMONS AT THE ADDRESS OF DEFENDANT'S REGISTERED AGENT FOR SERVICE OF PROCESS") and ECF No. 18 ("PROOF OF SERVICE OF SUMMONS AT DEFENDANT'S BUSINESS ADDRESS").

Despite being served twice, Defendant has not appeared in this action. Accordingly, pursuant to Plaintiff's request, the clerk entered the default of Defendant on November 20, 2018. *See* ECF Nos. 19, 20.

Before entering default judgment, the court must have subject-matter jurisdiction over the case and personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution. Moreover, venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant has its principal place of business in this District, and some or all of the actions alleged herein occurred within this District.

Before entering default judgment, the court also must ensure the adequacy of service.

*See Timbuktu Educ. v. Alkaraween Islamic Bookstore*, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007). The service described above was adequate.

Defendant is not a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Class certification is not required in a PAGA action, and therefore the Court can enter default judgment without certification of a class. "Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action. In a PAGA action, the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees— critical requirements in federal class actions under Rules 23(a)(4) and (g). . . . Moreover, unlike Rule 23(a), PAGA contains no requirements of numerosity, commonality, or typicality." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014).

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for – and the court may grant – a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to damages. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The court is not required to make detailed findings of fact. *Fair Housing of Marin*, 285 F.3d at 906. Default judgment cannot exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment," *Draper*, 792 F.2d at 924-25; that decision lies within the court's discretion, *Pepsico, Inc. v. Cal. Sec.Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In deciding whether to enter a default judgment, the court should consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency

of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The *Eitel* factors weigh in favor of granting default judgment.

1. First, regarding the possibility of prejudice to the plaintiff, if the Court does not grant default judgment, Plaintiff has no recourse.
2. Second, regarding the merits of the plaintiff's substantive claims, Defendant never appeared or filed an answer, so there is no information demonstrating that there is a disputed issue of material fact. The record reveals no disputed facts.
3. Third, regarding the sufficiency of the complaint, the complaint is well pleaded and puts Defendant on notice that Plaintiff seeks a judgment "in the amount of at least $2,000,000.00 (i.e., two million U.S. dollars)." *See* Second Amended Complaint (ECF No. 16), Prayer for Relief, subsection (r).
4. Fourth, when the money at stake is substantial or unreasonable, default judgment is discouraged, *see Eitel*, 782 F.2d at 1472 (three million dollar judgment, considered in light of parties' dispute as to material facts, supported decision not to enter default judgment), but where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *See Board of Trustees of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.*, 2011 WL 2600898 at *2 (N.D. Cal. June 17, 2009) (the sum of money for unpaid contributions, liquidated damages, and attorneys fees were appropriate as they were supported by adequate evidence provided by plaintiffs). Here, the sum of money at stake is tailored to the specific misconduct of the defendant. This factor does not disfavor entry of default judgment in this case. (The amount of damages, which the Court has the discretion to determine, is discussed below.)
5. Fifth, Defendant never appeared or filed an answer, so there is no information demonstrating that there is a disputed issue of material fact. The record reveals no

5

PLAINTIFF'S RENEWED APPLICATION FOR DEFAULT JUDGMENT BY COURT
*Bell v. CS Global SF, LLC*, Civil Case No. 3:17-cv-07294

disputed facts.

6. <u>Sixth</u>, there is no suggestion of excusable neglect.

7. <u>Seventh</u>, despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case. Fed. R. Civ. P. 55(b); *see Board of Trustees v. RBS Washington Blvd, LLC*, 2010 WL 145097, *4 (N.D. Cal. Jan. 8, 2010). This factor favors entry of default judgment in this case for all of the reasons summarized above.

Plaintiff's well-pleaded non-damages-related allegations in the complaint must be accepted as true, and they generally establish the elements of the claims.

Regarding damages, as set forth in the declarations of Maria Bell (ECF No. 23-1) and Joel B. Young, Esq., filed herewith, Plaintiff is entitled to judgment against Defendant on account of the claims pleaded in the second amended complaint (ECF No. 16), specifically:

a. Unpaid overtime wages arising from Plaintiff's California Business & Professions Code § 17200 ("UCL") claim for restitution premised on violations of the Fair Labor Standards Act ("FLSA") overtime rules: $4,601.92 payable to Plaintiff;

b. Interest on UCL Claims: $805.34 payable to Plaintiff;

c. Labor Code § 226(a)-(e) penalties: $1,250 payable to Plaintiff;

d. PAGA penalties for Defendant's violations of Labor Code § 226(a)-(e): $2,500 of which 25% ($625) is payable to Plaintiff, and 75% ($1,875) is payable to the State of California's Labor and Workforce Development Agency ("LWDA");

e. PAGA penalties for Defendant's violations of Labor Code § 201: $100, of which 25% ($25) is payable to Plaintiff, and 75% ($75) is payable to the LWDA;

f. PAGA penalties for Defendant's violations of Labor Code § 202: $100, of which 25% ($25) is payable to Plaintiff, and 75% ($75) is payable to the LWDA;

g. Labor Code § 203 penalties: $4,800 payable to Plaintiff; and

h. PAGA penalties for Defendant's violations of Labor Code § 203: $100, of which 25% ($25) is payable to Plaintiff, and 75% ($75) is payable to the LWDA.

i. PAGA penalties for Defendant's violations of Labor Code § 226(a)-(e): $192,600, of which 25% ($48,150) is payable to the aggrieved employees, and 75% ($144,450) is payable to the LWDA;

j. PAGA penalties for Defendant's violations of Labor Code § 201: $2,100, of which 25% ($525) is payable to the aggrieved employees, and 75% ($1,575) is payable to the LWDA;

k. PAGA penalties for Defendant's violations of Labor Code § 202: $2,100, of which 25% ($525) is payable to the aggrieved employees, and 75% ($1,575) is payable to the LWDA;

l. PAGA penalties for Defendant's violations of Labor Code § 203: $2,100, of which 25% ($525) is payable to the aggrieved employees, and 75% ($1,575) is payable to the LWDA; and

m. PAGA penalties for Defendant's violations of Labor Code § 204: $192,600, of which 25% ($48,150) is payable to the aggrieved employees, and 75% ($144,450) is payable to the LWDA.

The amount of judgment sought (the sum of the foregoing) is $408,257.26.

This Application is based on this Notice, the declaration of Maria Bell (ECF No. 23-1), the declaration of and Joel B. Young, Esq., filed herewith, and the pleadings, files, and other matters that may be presented at the hearing.

//
//
//
//
//

| | |
|---|---|
| DATED: January 10, 2020 | Respectfully submitted, |
| | THE TIDRICK LAW FIRM LLP |
| | By: /s/ Steven G. Tidrick |
| | STEVEN G. TIDRICK, SBN 224760 |
| | STEVEN G. TIDRICK, SBN 224760<br>JOEL B. YOUNG, SBN 236662 |
| | Attorneys for Plaintiff Maria Bell |